## Crawford v. Sandberg

*Laurence Ring,* for plaintiff.

*Barry L. Lyons,* for defendant.

WEINROTT, McDEVITT, REIMEL, JJ., January 14, 1971.—This case is before the court en banc on motion by plaintiff for a new trial.

This action in trespass was tried without a jury on October 1 and October 7, 1969, to recover an application fee in the sum of $1,750.

The facts of this case are not in dispute. Mr. and Mrs. Nicholas Occhipinti are the owners of a diner and motel complex in Avoca, Pa., and in 1964 were interested in financing a loan in order to enlarge their diner. Mr. Occhipinti approached plaintiff, Leo Crawford, for his suggestions on the matter. Mr. Crawford did some investigation and suggested to the Occhipintis that they seek financing through the Pennsylvania Leasing and Financing Company and that, in addition, they retain an attorney, William A. Goichman, who was recommended to Crawford as a good attorney, knowledgeable in these matters.

Mr. and Mrs. Occhipinti contacted William Goichman who, in turn, arranged a meeting for them with Joseph Sandberg, the President of the Pennsylvania Leasing and Financing Company. The meeting was held in November of 1964, in the office of Mr. Sandberg. Mr. Goichman was present but it does not appear that Mr. Crawford was in attendance. At the conclusion of this meeting, a written contract was signed by Mr. and Mrs. Occhipinti and by Mr. Sandberg for the corporation. The contract provided for the payment of a $1,750 application fee to the corporation. If the Occhipintis' application was accepted and the Pennsylvania Leasing and Financing Company undertook to seek financing for them, the application fee was nonreturnable. The contract made no mention of the fact that the corporation's attempts at securing

financing had to be successful as a condition for retaining the application fee. In addition, the contract placed no time limit for the corporation to produce financing. The application fee, the subject matter of this suit, however, was not paid by the Occhipintis. In accordance with some unknown collateral arrangement, Crawford forwarded $1,750 to Goichman who, in turn, forwarded a check to the Pennsylvania Leasing and Financing Company for the account of the Occhipintis.

It should be noted that despite the fact that the written contract makes no mention of any oral understandings and specifically states all agreements between the parties are in writing, plaintiff alleges that attorney Goichman objected at the November contract-signing meeting to the corporation's $1,750 application fee requirement. Plaintiff claims that Mr. Sandberg personally promised the Occhipintis to return the $1,750 if his company was unsuccessful in obtaining financing for the Occhipintis. Plaintiff alleges that a new independent contract arose and that defendant, Joseph Sandberg, has refused to return the money despite the fact that his corporation was not successful in obtaining adequate financing for the Occhipintis, who finally obtained financing through the services of a local bank. He further alleges that he is entitled to the return of the application fee because he received an assignment, first orally and later in writing, to all the rights the Occhipintis had against Joseph Sandberg. He further alleges that Joseph Sandberg has fraudulently converted the $1,750.

The law in Pennsylvania is clear that an assignee stands in the shoes of his assignor and has no greater rights than those of his assignor.

The assignors in this case are Nicholas Occhipinti and his wife and their rights as against Joseph Sandberg and the Pennsylvania Leasing and Financing

Company are governed by the written agreement freely entered into in November of 1964.

Parol or extrinsic evidence is not admissible to affect, contradict, vary, ratify, add to, or subtract from a written instrument: *United Refining Co. v. Jenkins,* 410 Pa. 126.

In the case before the court, the Occhipintis and the Pennsylvania Leasing and Financing Company agreed to the disposition of the subject matter of this suit, the $1,750 placement fee. This agreement came after the alleged objections by attorney Goichman. The signed integrated writing controls the rights of all the parties to the contract. This court is in complete accord with the present law in Pennsylvania which holds that the parol evidence rule must be strictly applied: Keleher v. La Salle College, 394 Pa. 545, appeal dismissed and cert. den., 361 U.S. 12. This court strictly applies the rule and finds that the Occhipintis contracted away their rights to the return of the $1,750.

Therefore, as assignors, the Occhipintis had no rights in the placement fee to assign to plaintiff.

Thus, the manner and timing of this assignment are immaterial to this court's conclusion that Crawford has no legal right to a new trial. Crawford has no standing as an assignee-plaintiff because his assignors had no cause of action against the corporation or individual defendant. No evidence of fraud appears on the record against either. It is clear that all rights to the placement fee were freely determined by the parties in the contract of November 1964. In addition, all parties have had ample opportunity in full and fair hearing on this matter in October 1969.

The court, therefore, enters the following:

## ORDER

And now, to wit, January 14, 1971, plaintiff's motion for a new trial is dismissed.